"O"

FILED
CLERK, U.S. DISTRICT COURT
DEC 2 2 2008
CENTRAL DISTRICT OF CALIFORNIA
BY            DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MAGDALENA YESENIA TELLO ALVARADO,

    Petitioner,

v.

FIELD DIRECTOR IMMIGRATION AND CUSTOMS ENFORCEMENT D.H.S, et al.,

    Respondents.

Case No. CV 08-5241 SJO (AN)

ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS [28 U.S.C. §2241] FOR LACK OF JURISDICTION

## I. BACKGROUND

On August 11, 2008, Magdalena Yesenia Tello Alvarado ("Petitioner"), through her retained counsel, filed her pending petition for a writ of habeas corpus ("Petition") pursuant to 28 U.S.C. §2241 for the purpose of challenging a final order of removal to Guatemala that she sustained, and enjoining Respondent from immediately deporting her until she had an opportunity to reopen her removal proceedings. (Pet. at 6-7.) Petitioner represented that she was scheduled to be deported to Guatemala later that date. Accordingly, the Court granted Petitioner's request for an emergency stay pending a ruling on her Petition and the matter was referred to the assigned magistrate judge for further proceedings. (8/11/08 Order (SJO) (dkt #3).)

Pursuant to the Court's 8/11/08 Order, the magistrate judge issued a briefing order that set filing deadlines for Respondents' Answer and Petitioner's Reply. (8/18/08 Order (AN) (dkt #4).) In accordance with the briefing order, Respondents filed a timely Answer (dkt #5). Respondents contend the Petition should be dismissed because this Court lacks jurisdiction to review the final order of removal or Petitioner's other claims because of the jurisdiction stripping provisions of 8 U.S.C. § 1252 (a) (5) as amended by the REAL ID Act of 2005, Pub.L.No. 109-13, 119 Stat. 231, 310-11. (Answer at 2.) Respondents also note that, on August 28, 2008, Petitioner was released from custody with a G4S monitoring device, commonly referred to as an ankle bracelet. (*Id.* note 1.) Petitioner has not filed a Reply and her time to do so has long since expired.

## II. DISCUSSION

A district court must dismiss an action "[i]f the court determines at any time that it lacks subject-matter jurisdiction." Fed.R.Civ.P. 12(h)(3).

The Court finds Petitioner and her retained counsel never filed a Reply because Respondents correctly assert the REAL ID Act strips this Court of jurisdiction to consider her Petition, and that a petition for review filed with the Ninth Circuit Court of Appeals is her sole means of challenging her final removal order, deportation, or exclusion. 8 U.S.C. § 1252(a)(5); *Martinez-Rosas v. Gonzales*, 424 F.3d 926, 928-29 (9th Cir. 2005). Habeas petitions challenging final deportation or removal orders that are filed with district courts after the Act's effective date of May 11, 2005, must be dismissed. *Puri v. Gonzales*, 464 F.3d 1038, 1041 (9th Cir. 2006).

///
///

1  Based upon the foregoing, the Court vacates its 8/11/08 Order as well as the
2  reference to the Magistrate Judge, and the Petition is dismissed because of the Court's lack
3  of subject matter jurisdiction. Any other matters are terminated and the Clerk is directed
4  to enter judgment dismissing this action.

6  IT IS SO ORDERED.

8  DATED: December 8, 2008

                                                      S. JAMES OTERO
                                        UNITED STATES DISTRICT JUDGE

11  Presented by:

13  _____
14  Arthur Nakazato
    United States Magistrate Judge